Alexa J. Laborda Nelson, Bar No. 027442012
alabordanelson@littler.com
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, Pennsylvania 19102.1321
Telephone:    267.402.3051
Fax No.:        267.402.3131

Attorneys for Defendant
Wells Fargo Bank, National Association

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRIAN J. RAYNOR,<br><br>                    Plaintiff,<br><br>vs.<br><br>WELLS FARGO,<br><br>                    Defendant. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL OF ACTION**<br><br>**Electronically Filed** |

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wells Fargo Bank, National Association (improperly captioned as "Wells Fargo") (hereinafter "Wells Fargo"), hereby removes to this Court the Superior Court action described below and states as follows:

**I.      PROCESS, PLEADINGS, AND ORDERS**

1.      Plaintiff Brian J. Raynor commenced an action by filing a Complaint and Demand for Jury Trial on or about August 15, 2023, in the Superior Court of New Jersey, Law Division, Mercer Vicinage, captioned *Brian J. Raynor v. Wells Fargo*, Docket No. MER-L-001565-23 (the "Superior Court Action"). A copy of Raynor's Complaint is attached as Exhibit A.

2.      On August 21, 2023, Wells Fargo accepted service of Plaintiff's Complaint. (*See* Declaration of Alexa J. Laborda Nelson, attached hereto as Exhibit B).

3.      In accordance with 28 U.S.C. § 1446(b), this Notice of Removal has been filed within 30 days of that date.

4.      Plaintiff's Complaint contains a cause of action under the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et seq.* ("CEPA"), and a claim under the *Pierce* Doctrine. (*See* Exhibit A).

## II.     VENUE

5.      Pursuant to 28 U.S.C. §§ 110, 1391(b)(2), and 1441(a), venue is proper in the United States District Court for the District of New Jersey, Trenton, insofar as the Mercer Vicinage, which is where Plaintiff filed the Superior Court Action, is within the district and division embraced by this Court.

## III.    DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332

6.      The Court has original jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

7.      Plaintiff Brian J. Raynor is a resident of the State of New Jersey who has made and intends to continue to make New Jersey his primary residence for the indefinite future. (*See* Exhibit A, Superior Court Action, at ¶ 1). Raynor is therefore a citizen of New Jersey for purposes of 28 U.S.C. § 1332.

8.      Wells Fargo Bank, National Association is a national banking association organized and existing under the laws of the United States of America chartered in Wilmington, Delaware, with its principal place of business located in Sioux Falls, South Dakota. (*See* Declaration of Jami Wright, attached hereto as Exhibit C). Pursuant to 28 U.S.C. § 1348, Wells Fargo Bank, National Association is not a citizen of New Jersey, but rather a citizen of Delaware and South Dakota for purposes of 28 U.S.C. § 1332.

9.      Plaintiff's Complaint identifies the Defendant's corporate headquarters as 420 Montgomery Street, San Francisco, CA 94104. (*See* Exhibit A at ¶ 7). Wells Fargo is a wholly owned subsidiary of Wells Fargo & Company. Wells Fargo & Company is incorporated in Delaware and has it principal place of business in San Francisco, California, where Wells Fargo & Company's high-level officers direct, control, and coordinate Wells Fargo's activities. (*See* Exhibit C).

10.      Accordingly, diversity of citizenship, for purposes of 28 U.S.C. § 1332, existed between Raynor and Wells Fargo at the time Raynor commenced the Superior Court Action, and continues to exist as of the time of filing this Notice of Removal.

11.      The amount in controversy requirement of 28 U.S.C. § 1332 is also met, assuming the truth of the allegations in the Complaint and the validity of Raynor's claims. Although Wells Fargo vehemently denies the allegations in the Complaint and contends that Raynor is not entitled to any recovery whatsoever, the only relevant question at this stage is whether Raynor's Complaint places in controversy an amount in excess of the amount specified by 28 U.S.C. § 1332. Based on the following allegations, Wells Fargo has a good faith belief that it is more likely than not that the amount in controversy in this case does, in fact, exceed $75,000.00, exclusive of interest and costs.

12.      Mr. Raynor alleges Wells Fargo retaliated against him and wrongfully discharged him from his employment with Wells Fargo and seeks compensatory damages, consequential damages, punitive damages, pre and post judgment interest, reasonable attorneys' fees and costs, and injunctive relief. In total, he asserts two causes of action. (*See* Exhibit A, "WHEREFORE" clauses after ¶¶ 172, 179); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997). Raynor does not specify the amount of his claims because he cannot do so under New Jersey R.C.P. 4:5-2;

accordingly, 28 U.S.C. § 1446(c)(2)(A) allows the removing party to plead the amount in controversy. Given the lapse of time between Raynor's separation from employment and any trial in this case, and his demand for compensatory damages, consequential damages, punitive damages and attorney fees, it is inconceivable that Raynor's claims do not exceed $75,000.

13.     Accordingly, the grounds for diversity jurisdiction are satisfied, and this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## IV.     COMPLIANCE WITH PROCEDURAL REQUIREMENTS

14.     By reason of the foregoing and pursuant to 28 U.S.C. § 1441(b), this case is removable from the Superior Court of New Jersey, Mercer Vicinage, to the United States District Court for the District of New Jersey.

15.     True and correct copies of this Notice of Removal are being promptly filed with the Superior Court and served this date upon Raynor's counsel of record. Further, pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings are attached as Exhibit A and B, and all other documents from the Superior Court Action docket along with a copy of the docket sheet, are attached collectively as Exhibit D.

**WHEREFORE**, Defendant Wells Fargo respectfully requests that this case be removed to this Court, the United States District Court for the District of New Jersey, that this Court accept jurisdiction of this Action, and that this Action be henceforth placed on the docket of this Court for all further proceedings as though the same Action had been originally instituted and commenced in this Court.

Dated: September 14, 2023                    Respectfully submitted,

                                            */s/ Alexa J. Laborda Nelson*
                                            Alexa J. Laborda Nelson, Bar No. 027442012
                                            LITTLER MENDELSON
                                            Three Parkway
                                            1601 Cherry Street, Suite 1400
                                            Philadelphia, PA 19102
                                            (267) 402-3000 (t)
                                            (276) 402-3131 (f)

                                            *Attorneys for Defendant Wells Fargo Bank,*
                                            *National Association*

**CERTIFICATE OF SERVICE**

I, Alexa J. Laborda Nelson, hereby certify that on this 14th day of September, 2023, I filed

the foregoing Notice of Removal using the Court's ECF system, through which this document is

available for viewing and downloading, and served via Email and First-Class Mail upon:

Michael C. Mormando, Esquire
*ATTORNEYS HARTMAN, CHARTERED*
68 East Main Street
Moorestown, New Jersey 08057
Phone (856) 235-0220; Fax (856) 273-8617

*Attorneys for Plaintiff*

/s/ Alexa J. Laborda Nelson
Alexa J. Laborda Nelson